## J. E. FAGAN ET AL v. W. S. ELAM.

**Parol Agreement—Extension of Time on Note, Inadmissible as Evidence.**

A mere parol agreement to extend the time of payment of a note would be in contradiction of the note itself, and therefore inadmissible.

**Principal and Surety—Liability Increased—Discharge of Surety.**

In order to discharge the surety, by an agreement between the principal and the creditor, without the concurrence of the surety, there must be a binding contract between them for enlarging the time of performance, thereby increasing the risk of the surety.

**Pills and Notes—Surety—Acceptance by Holder, of a Future Order for Collection to be Applied on.**

The acceptance of an order from the obligor on a note, by the creditor payable on a third party at a future time, does not operate as a stay of proceedings on the note against the obligor and sureties, nor compells the creditor to delay proceedings until such time as default on the order be made. It is merely an acceptance as collateral security for the debt.

**Duty of Surety to Discharge Debt—Rights to be Subrogated—Delay of Collection does not Discharge Surety.**

The mere delay on the part of a creditor to collect his debt, unless the indulgency be such as to bring the surety within the Statute of Limitations, will not discharge the surety. It is as well the duty of the surety as of the obligor to discharge the obligation when it matures, and he may do this then, or any time afterwards for his own security, either to proceed immediately against his principal, or to be subrogated to the rights of the creditor. It is only when the creditor and principal debtor witout the privity and consent of the surety, make a binding, valid agreement, change the terms of the original undertaking, by enlarging the time of performance, and increasing the risk of the surety, that he will be discharged.

**Demurrer—Allegations in an Answer.**

The allegations in an answer, forming both the conclusions of the Law and the facts in the case are demurrable.

APPEAL FROM HENDERSON CIRCUIT COURT.

May 21, 1868.

OPINION OF THE COURT BY JUDGE PETERS:

This action was brought by appellee against appellant, in Feb-

ruary, 1867, on a joint and several note, executed on the 9th of January, 1860, for $1,200, by one S. Nesler, appellant, and James Taylor, and due the 1st of January, 1861. At the first term of the court after the action was instituted, the obligor Taylor was made a defendant by an amended petition.

The followng facts, substantially, were pleaded by appellant in the first paragraph of his answer in bar of the action. That Nesler was the principal debtor, and appellant and Taylor were his sureties, which was known to appellee at the time the note was executed and delivered to him. That appellee entered into an agreement with Nesler, without the knowledge or consent of appellant, when certain payments were made, which are credited on the note, that he should have further time for the payment thereof, after the same become due, thereby changing and increasing his risk and liability.

And that on or about the —— day of ——, 18—, and after the mat irity of the note, Nesler gave to said Elam an order on one John H. Butler for an amount of money sufficient to satisfy the balance then due on said note, which order, when paid, was to go in discharge of the same, and that appellee by taking said order placed it out of his power to institute suit on said note until demand made by Butler of the amount of the order, and he had refused payment. That about the time appellant received the order on Butler, he informed appellant that said note was paid off, or if not, there was but a very small balance due thereon, thereby inducing him to believe that he was released from all liability on account of said suretyship.

To that paragraph a demurrer was sustained by the court below, and the propriety of that ruling is the first and material question for consideration.

If the conclusions drawn by the pleader, from the facts stated in the three several sentences which compose the paragraph recited, be correct as propositions of law, or perhaps either of them, the judgment of the court sustaining the demurrer is erroneous.

The first is, that appellant's risk and liability were changed and increased by an agreement between appellee and Nesler, without the knowledge, or consent, of appellant, that the time of payment should be extended after the debt matured.

Whether said agreement was founded upon a valuable considertion, or whether it was in writing, or in parol, is not stated. If it

were a mere parol agreement to extend the time of payment beyond the time fixed in the note, such evidence of the agreement would be in contradiction of the language of the note itself, and utterly inadmissible. But the insuperable objection is the want of consideration, to upohld the agreement. *Chancellor Kent in King vs. Baldwin, etc., 2 John Chy Reports, pp 557*, after reviewing the English and American authorities on the subject, says the principle to be extracted from the cases is, that in order to discharge the surety, by an agreement between the principal debtor and the creditor. without the concurrence of the surety, there must be a binding contract between them for enlarging the time of performance.

And to the same effect is the later case of Tudor vs. Goodloe, 1 B. M., 322, and the authorities there cited, at considerable length.

Second. That after the maturity of the note, Nesler gave to Elam an order on John H. Butler for an amount sufficient to pay off the balance then due on the note, which order when paid, was to go as a discharge of said note, and the following words are added as a sequence by the pleader:

> "And *thus* the said plaintiff, by the acceptance of said
> order, placed it out of his power to institute suit on said
> note, until demand should have been made of Butler on
> said order, and payment had been refused by him."

How, or by what contract appellee put it out of his power to sue on the note is not disclosed, nor are any facts stated from which such a presumption could arise. The mere reception of the order could, of itself, have no effect. Elam may have taken it as collateral security for his debt, and that is perhaps the proper if not the only logical construction the averment is susceptible of.

But to the part of the answer now under examination there is another fatal objection. It is well settled that mere delay on the part of the creditor to collect his debt, unless the indulgence be such as to bring the surety within the protecting influence of the statute of limitations, will not discharge the surety.

It is as well the duty of the surety as of the principal debtor to the obligee, to discharge the obligation when it matures, and he may do this then, or at any time afterwards for his own security, either to proceed immediately against his principal, or to be subrogated to the rights of the creditor, or he may call upon his creditor by the aid of the chancellor to coerce payment of his debt from his principal. And it is only when the creditor and principal, *without the*

*privity and consent of the surety* make a binding, valid agreement, change the terms of the original undertaking, by enlarging the time of performance, and increasing the risk of the surety, that he will be discharged.

It is not alleged that the giving the order on Butler, and receiving it by appellee, were done without the concurrence and approval of appellant.  Nor can the alleged want of knowledge and consent alleged in the preceding sentence, in reference to the enlargement of the time of payment, promised at the time the credits were endorsed on the note ; be made to apply to the drawing and delivery of the order, because the answer shows them to be different transaction and transpired at different times.

And last, if Elam told appellant the debt was paid off, or about paid off, and he did not regard it as a careless, and unguarded expression, or did not know the declaration was unmeaning, by reason of some qualifying statement, it is not explained why he did not by a sufficient allegation rely upon the plea of payment, as what he alleged was not sufficient to show he was otherwise discharged.

As to the amendment offered, and which the judge refused to permit to be filed, we can have nothing to do with it, because it is not before us, the clerk is not authorized to certify to this court any paper, as a part of the record, which is not filed by an order of the court, or incorporated in a bill of exceptions properly authenticated.  The rejected amendment is not incorporated in a bill of exceptions, and the clerk's statement that the one copied is the same which was offered by appellant, and rejected, is no evidence of the fact.

But we may remark that the paper found in the transcript has been examined by the court, and obviates only one objection taken to the original answer, in stating that the order on Butler was drawn and delivered to appellee without the concurrence and knowledge of appellant and with it in, the offered defense was insufficient.

Wherefore, the judgment is affirmed.

*Turner & Trafton, for appellant.*

*Cissell & Vance, for appellee.*